IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ALFREDO P. GALINDO,

Civil No. 10-6195-CL

Plaintiff,

REPORT AND RECOMMENDATION

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

Defendant.

CLARKE, Magistrate Judge.

Plaintiff Alfredo P. Galindo brings this action pursuant to section 205(g) of the Social

Security Act, as amended (Act), 42 U.S.C. §§ 405(g), to obtain judicial review of the

Commissioner's final decision denying plaintiff's applications for disability benefits and

supplemental security income benefits. For the reasons explained, the decision of the

Commissioner should be reversed and remanded for further proceedings.

## BACKGROUND

Plaintiff applied for benefits alleging disability commencing October 1, 2003. His

applications were denied. Plaintiff requested a hearing, which was held before an Administrative

Law Judge (ALJ) on September 14, 2009. Plaintiff, represented by counsel, appeared and testified as did a vocational expert. On September 25, 2009, the ALJ rendered an adverse decision. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Sims v. Apfel, 530 U.S. 103, 106-07 (2000) (and authorities cited).

At the time of plaintiff's hearing and the ALJ's decision, plaintiff was twenty-nine years old. Plaintiff completed the ninth grade of school and has obtained a GED. Plaintiff has past relevant work experience as a care provider, painter, newspaper jogger, cannery worker, dishwasher, nursery worker, and small products assembler. Plaintiff alleges disability as of October 1, 2003, based upon anxiety, depression, and panic attacks. The relevant medical evidence is discussed below.

## STANDARDS

This Court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. of N.Y. v. NLRB, 305 U.S. 197, 229 (1938)). The Court considers the record as a whole, and weighs "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible of more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Questions of credibility and resolution of conflicts

in the testimony are functions solely of the Commissioner, Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and supported by substantial evidence, Ceguerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). However, even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." Flake v. Gardner, 399 F.2d 532, 540 (9th Cir. 1968); see also Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

A five-step sequential process exists for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). In the

3 - REPORT AND RECOMMENDATION

present case, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 1, 2003. (Tr. 12.)

In step two, the Commissioner determines whether the claimant has "a medically severe impairment or combination of impairments." If the Commissioner finds in the negative, the claimant is deemed not disabled. If the Commissioner finds a severe impairment or combination thereof, the inquiry moves to step three. Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). In the instant case, the ALJ found that plaintiff's depressive disorder NOS and generalized anxiety disorder constitute severe impairments. (Tr. 13.) Accordingly, the inquiry moved to step three.

In step three, the analysis focuses on whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. Yuckert, 482 U.S. at 141. In this case, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (Tr. 13-14.)

In step four, the Commissioner determines whether the claimant can still perform his "past relevant work." If the claimant is so able, then the Commissioner finds the claimant "not disabled." Otherwise, the inquiry advances to step five. 20 C.F.R. §§ 404.1520(e), 416.920(e). The Commissioner must first identify the claimant's residual functional capacity (RFC), which should reflect the individual's maximum remaining ability to perform sustained work activities in an ordinary work setting for eight hours a day, five days a week. Social Security Ruling (SSR)

96-8p. The RFC is based on all relevant evidence in the case record, including the treating

physician's medical opinions about what an individual can still do despite impairments. Id. In

this case, the ALJ found that plaintiff retains an RFC to perform a full range of work at all

exertional levels, but that he has nonexertional limitations: plaintiff is limited to simple, routine

tasks and no more than occasional contact with the general public. (Tr. 14-17.) The ALJ found

that plaintiff was capable of performing all of his past relevant work. (Tr. 17.) Therefore, the

ALJ found that plaintiff was not under a disability.[1] (Tr. 17-18.)

## DISCUSSION

Plaintiff asserts that the ALJ's decision should be reversed because it is not supported by

substantial evidence and contains errors of law. Plaintiff contends that the ALJ erred by (1)

failing to properly evaluate the medical opinions; and (2) failing to properly evaluate the lay

witness testimony.

### Medical Opinions

Generally, the Commissioner gives more weight to the opinion of a treating source or

examining source than to a source who has not treated or examined a claimant. 20 C.F.R. §§

404.1527(d)(1)(2), 416.927(d)(1)(2); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996);

Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). A treating physician is one who is

employed to cure. Magallanes, 881 F.2d at 751. His opinion is given more weight because he

has a greater opportunity to know and observe the patient. Id. Controlling weight will be given

to a treating physician's opinion on the issues of the nature and severity of a claimant's

---

[1]     The ALJ did not address the step five inquiry, in which the Commissioner has the burden to
establish that the claimant is capable of performing other work that exists in the national economy.
Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f).

5 - REPORT AND RECOMMENDATION

impairment(s) if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes, 881 F.2d at 751 (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989); 20 C.F.R. §§ 404.1527(e), 416.927(e); see also Montijo v. Sec'y of Health & Human Servs., 729 F.2d 599, 601 (9th Cir. 1984).

If the ALJ chooses to disregard a treating physician's or an examining physician's opinion, and that opinion is not contradicted by another doctor, he must set forth clear and convincing reasons for doing so. Lester, 81 F.3d at 830; Magallanes, 881 F.2d at 751; Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).  If a treating or examining physician's opinion is contradicted by that of another doctor, the ALJ must set forth specific and legitimate reasons, based on substantial evidence in the record, for disregarding the opinion of the treating or examining physician. Lester, 81 F.3d at 830-31; Nguyen v. Chater, 100 F.3d 1462, 1466, (9th Cir. 1996). The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting medical evidence, then stating his interpretation, and making findings. Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986); Rodriguez, 876 F.2d at 762. Further, the opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician. Lester, 81 F.3d at 830.

//

//

**Keli J. Dean, Psy.D.**

Plaintiff contends that the ALJ erred by giving Dr. Dean's opinion significant weight and then selectively adopting only portions of her opinion and failing to discuss or credit functional limitations found by her which demonstrate he is disabled.

Plaintiff underwent a neuropsychological screening with Dr. Dean in October 2006. After administering a number of tests, Dr. Dean concluded in relevant part that, taken together, plaintiff "has significant weaknesses in his verbal comprehension, processing speed, mathematics, and memory skills" and these "deficits are likely to have a negative impact on his ability to learn and perform job tasks without extra assistance." (Tr. 212-13.) However, Dr. Dean went on to state, "While Alfredo does display significant deficits in his memory scores on the WMS-III and RCFT he does not report any functional limitations" and "denied that he has experienced any education, employment, or interpersonal problems related to poor memory," but "has been able to learn job tasks with difficulty." (Tr. 213.) Dr. Dean's Axis I diagnosis was generalized anxiety disorder, with panic attacks. She assessed a GAF of 50, indicating moderate symptoms. (Tr. 202-14.)

Dr. Dean also completed a Mental Residual Function Capacity Report (MRFCR) dated November 26, 2006. She found plaintiff was "Markedly Limited" in two of four criteria concerning the basic mental demands of work: in the category of "Understanding and Memory" in the abilities to "remember locations and work-like procedures" and "understand and remember detailed instructions"; and in the category of "Sustained Concentration and Persistence" in the

ability to "carry out detailed instructions."[2] Dr. Dean found plaintiff was "Moderately Limited" in eleven areas: in the category of "Understanding and Memory" in the ability to "understand and remember very short and simple instructions"; in the category of "Sustained Concentration and Persistence" in the abilities to "carry out very short and simple instructions"; "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances"; "work in coordination with or proximity to others without being distracted by them"; "make simple work related decisions"; " and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods"; in the category of "Social Interaction" in the abilities to "interact appropriately with the general public"; "ask simple questions or request assistance"; and "accept instruction and respond appropriately to criticism from supervisors"; and in the category of "Adaptation" in the abilities to "respond appropriately to changes in the work setting"; and "set realistic goals or make plans independently of others."[3]  (Tr. 215-16.)

In his decision, the ALJ set out Dr. Dean's evaluation and diagnosis and acknowledged her assessment that plaintiff was "markedly limited in his ability to remember, understand, and carry out detailed instructions." He noted that Dr. Dean did not provide an explanation of how the moderate limitations she identified would affect the plaintiff's functioning, although she noted that plaintiff's test results "would be suggestive of additional impairment if not for the lack

---

[2]  "Markedly Limited" is defined on the MRFCR as "A limitation which precludes the ability to perform the designated activity on a regular and sustained basis, i.e., 8 hours a day, 5 days a week, or an equivalent work schedule." (Tr. 215.)

[3]  "Moderately Limited" is defined as "A limitation which seriously interferes with the individual's ability to perform the designated activity on a regular and sustained basis, i.e., 8 hours a day, 5 days a week, or an equivalent work schedule." (Tr. 215.)

of functional limitations." (Tr. 15.) The ALJ found that plaintiff's reporting to Dr. Dean was "mostly consistent" with his reporting throughout the record, and he stated her concerns with plaintiff's pacing and additional anxiety created by working around groups of people were considered and accommodated in the RFC. The ALJ gave "significant weight" to Dr. Dean's opinion. (Tr. 17.)

Plaintiff contends the ALJ did not indicate in his decision that the functional limitations identified by Dr. Dean in her MRFCR were reviewed by him. While the ALJ stated at the administrative hearing that the assessments of state agency consultant Dr. Hennings, Ex. 4F (Tr. 232-34), and examining psychologist Dr. Cochran, Ex. 12F (Tr. 308-09), were the only two assessments in the file (Tr. 30-34), it appears that the ALJ did review and consider Dr. Dean's assessment in his decision. There is no basis for the ALJ's statement that plaintiff was "markedly limited in his ability to remember, understand, and carry out detailed instructions," or to reference "moderate limitations [Dr. Dean] identified" other than Dr. Dean's mental RFC assessment completed by her.

Plaintiff specifically contends that, although the ALJ states he considered Dr. Dean's concerns about plaintiff's pacing, he did not address pace limitations assessed as "moderately limited" by Dr. Dean. As set out, supra, Dr. Dean assessed plaintiff as moderately limited in several areas in the category of "Sustained Concentration and Persistence." Here, the ALJ's RFC included a limitation to "simple, routine tasks." (Tr. 14.) The Ninth Circuit has determined that an RFC limiting a claimant to simple, routine, repetitive work is consistent with moderate limitations in concentration, persistence, and pace. Stubbs-Danielson v. Astrue, 539 F.3d 1169,

9 - REPORT AND RECOMMENDATION

1174 (9th Cir. 2008); see Cox v. Astrue, Civil No. 09-1415-CL, 2011 WL 6122954, at *9 (D. Or. Oct. 26, 2011), adopted by order, 2011 WL 6123467 (D. Or. Dec. 9, 2011); Pa Dee Thao v. Astrue, No. 1:10-CV-0244-SKO, 2011 WL 2516151, at *12 (E.D. Cal. June 21, 2011) ("An RFC of 'simple, routine, repetitive work' adequately captures 'moderate' deficiencies in pace.") Accordingly, the court finds that the ALJ adequately accounted for Dr. Dean's assessment of moderate limitations in plaintiff's pace.

Plaintiff also contends that, although the ALJ states he considered Dr. Dean's concerns about plaintiff's additional anxiety created by working around groups of people, he did not address "social interaction" areas assessed as "moderately limited" by Dr. Dean. The court has set out, supra, the limitations in social interaction found by Dr. Dean, specifically, the "moderate" limitations in the abilities to: "Ask simple questions or request assistance" and "accept instruction and respond appropriately to criticism from supervisors." (Tr. 216.)

The ALJ's RFC here included a limitation to "no more than occasional contact with the general public." (Tr. 14.) This limitation addresses Dr. Dean's assessment that plaintiff is moderately limited in his ability to "interact appropriately with the general public." (Tr. 216.) However, the ALJ does not account for the limitations in plaintiff's ability to ask questions and interact with supervisor(s) on the job found by Dr. Dean .[4] Defendant contends that it can be inferred that the ALJ did not entirely credit Dr. Dean's opinion of moderate limitations in this regard and the ALJ noted the lack of functional limitations. The court does not agree. The ALJ viewed Dr. Dean's opinion favorably and gave it significant weight; he gave no reason for

---

[4]    Dr. Dean found that plaintiff was not significantly limited in his ability to get along with coworkers or peers. (Tr. 216.)

discounting Dr. Dean's opinion in any way. The ALJ's statement in his decision that Dr. Dean "noted several times that the claimant's test results would be suggestive of additional impairment if not for the lack of functional limitations" (Tr. 15) is ambiguous. When Dr. Dean discussed a lack of functional limitations in her report, she addressed plaintiff's memory scores in testing compared to his self-report of no functional limitations. Dr. Dean clearly found that plaintiff was functionally limited in the category of understanding and memory–she assessed plaintiff as moderately limited and markedly limited in that category, see supra.

The ALJ erred in failing to account for limitations found by Dr. Dean in plaintiff's abilities to interact with his supervisors.

### John Cochran, Ph.D.

Plaintiff contends that Dr. Cochran's opinion was consistent with the opinion and functional limitations assessed by Dr. Dean but the ALJ found his opinion was entitled to little weight.

In August 2009, plaintiff underwent a cognitive and psychological assessment with Dr. Cochran. Dr. Cochran conducted an oral interview and administered a number of psychological tests. Dr. Cochran's diagnoses were Axis I major depressive disorder, severe without psychotic features; generalized anxiety disorder with panic attacks; and dysthymic disorder; and Axis II personality disorder NOS with schizoid, avoidant, negativistic, and self-defeating features. He assessed a GAF of 50, which he noted indicated serious impairment in social and occupational functioning. In his summary, Dr. Cochran stated that, while plaintiff did not list any new mental limitations as a result of illness or injury since his last disability report of three years previous,

11 - REPORT AND RECOMMENDATION

significant others in his life have noticed a marked decline in his functioning over the previous

six years. Plaintiff reported being fearful in groups of other people and feeling uncomfortable

when he leaves home. Plaintiff tends to feel hopeless, helpless, and worthless. Dr. Cochran

noted plaintiff scored in the borderline range on the full scale IQ score on both his testing and Dr.

Dean's testing in October 2006, but plaintiff's performance score of 95 on Dr. Dean's testing

compared to 75 on his testing "suggest[ed] some degree of deterioration in his condition." (Tr.

320.) He further noted the differences in Dr. Dean's and his diagnoses, stating that his Axis II

assessment of a personality disorder with schizoid, avoidant, negativistic and self-defeating

features, compared to no Axis II diagnoses by Dr. Dean, "appeared to be causing a major part" of

plaintiff's problems. Dr. Cochran stated plaintiff's auditory memory suggested he had the ability

to understand and follow basic instructions but, due to anxiety, he may struggle with tasks

requiring verbal expression and understanding of complex oral communications. Dr. Cochran

further stated plaintiff becomes very anxious when he is out in public. (Tr. 310-21.)

Dr. Cochran also completed an MRFCR on the same date. He indicated that plaintiff was

"Markedly Limited" in all four criteria: in the category of "Understanding and Memory" in the

ability to "understand and remember detailed instructions"; in the category of "Sustained

Concentration and Persistence" in the abilities to "carry out detailed instructions" and "work in

coordination with or proximity to others without being distracted by them"; in the category of

"Social Understanding" in the abilities to "interact appropriately with the general public" and

"accept instructions and respond appropriately to criticism from supervisors"; and in the category

12 - REPORT AND RECOMMENDATION

of "Adaptation" in the ability to "set realistic goals or make plans independently of others."[5]  (Tr. 308-09.)  Dr. Cochran found plaintiff was "Moderately Limited" in the category of "Understanding and Memory" in the abilities to "remember locations and work-like procedures" and "understand and remember very short and simple instructions;  in the category of "Sustained Concentration and Persistence" in the abilities to "maintain attention and concentration for extended periods"; "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances"" "sustain an ordinary routine without special supervision"; and "make simple work related decisions";  in the category of "Social Understanding" in the ability to " ask simple questions or request assistance"; and in the category of "Adaptation" in the ability to "respond appropriately to changes in the work setting."[6]  (Tr. 308-09.)

The ALJ set out Dr. Cochran's evaluation and diagnoses in his decision.  He noted Dr. Cochran's assessment of marked limitation with detailed instructions, working in proximity to others, completing a normal workday or workweek, interacting with the public, and responding appropriately to criticism.  (Tr. 16.)  The ALJ gave Dr. Cochran's opinion "minimal weight" because Dr. Cochran relied upon "bold allegations" by plaintiff which were not reported anywhere else in the record, and his conclusions were inconsistent with other medical evidence of record.  (Tr. 17.)

---

[5]    See note 2.

[6]    See note 3.

Plaintiff contends that the ALJ is confused when he states that plaintiff made bold allegations. He claims his subjective complaints to Dr. Dean are no different than those reported to Dr. Cochran. Plaintiff told Dr. Dean he believed his anxiety and depression began about four years previously when he was attending school at BCTI. He reported to Dr. Dean that his mood is "usually 'okay' with some periods of happiness," and his medication was helpful at improving his mood and decreasing his anxiety symptoms; he denied any problems with sleep or appetite, and no difficulties in concentration. (Tr. 204, 213.) Yet plaintiff reported to Dr. Cochran that he was somewhat anxious and depressed as a child. He reported he felt a great deal of fatigue almost daily and his moods diminished his ability to think or concentrate; he has been put on antidepressants which intermittently seem to work; he has not been able to effectively manage the symptoms and his mood continues to be sad; and he sleeps fitfully. He told Dr. Cochran that his symptoms had worsened. However, relevant medical records during the period after Dr. Dean's evaluation in October 2006 and Dr. Cochran's evaluation in August 2009, just weeks prior to his administrative hearing, show that, in December 2006, he reported in a follow up visit at the Salem Clinic for anxiety that he had a "mild increase" in anxiety. His medication was continued at 75 mg. (Tr. 245.) In January 2007, he presented at Salem Clinic –Urgent Care for anxiety and panic attacks. Plaintiff reported the episodes were occurring "more often." The assessment was panic disorder. His medication was increased to 100 mg and he was to follow up with his provider. (Tr. 243.) The only other medical record referencing complaints of anxiety

14 - REPORT AND RECOMMENDATION

was a followup for anxiety in April 2009, when plaintiff reported to his treating provider that his "mood is good." His medication was continued.[7] (Tr. 277-78.)

The record indicates plaintiff has never sought counseling or treatment other than prescription medication for his anxiety and depression despite Dr. Dean's recommendation that he be referred for individual therapy. Plaintiff told Dr. Cochran that his symptoms were not controlled which is contrary to the evidence of record. It is true as plaintiff states that both Dr. Dean and Dr. Cochran based their opinions on the tests they administered to plaintiff and on plaintiff's subjective complaints. However, the ALJ specifically found that plaintiff's reporting to Dr. Dean was "mostly consistent" with his reporting in the medical record (Tr. 17) but he properly discounted Dr. Cochran's opinion because it was based on plaintiff's subjective complaints not reported elsewhere in the record. The ALJ's findings in this regard are supported by substantial evidence.

Plaintiff also contends the ALJ's conclusion that Dr. Cochran's conclusions were inconsistent with other evidence in the record is not supported. In so arguing, he contends Dr. Cochran's opinion is consistent with that of Dr. Dean and references the functional limitations found by each of them. However, the ALJ's determination that Dr. Cochran's conclusions were inconsistent with other evidence encompasses all the medical evidence. As set out, supra, the medical record shows a much less limited claimant than found by Dr. Cochran. Dr. Cochran found plaintiff markedly limited in five areas compared to Dr. Dean's moderate limitation and found him moderately limited in two areas compared to Dr. Dean's finding plaintiff was not

---

[7]     The ALJ references these medical visits in his decision. (Tr. 16.)

significantly limited.   It is for the ALJ to determine credibility and resolve the conflict in the medical evidence.   Thomas v. Barnhart, 278 F.3d 947, 956-57 (9th Cir. 2002).   The ALJ's conclusions as to Dr. Cochran's opinion is supported by substantial evidence in this regard and should be affirmed.

### Bill Hennings, Ph.D.

Plaintiff contends the weight given Dr. Hennings' opinion is contrary to case law rules for according weight to state agency nonexamining medical consultants.

In December 2006, consulting agency psychologist Dr. Hennings reviewed the record. He noted plaintiff's history of anxiety and depression, treated with medication.   He noted Dr. Dean's NPS including testing and diagnosis.   On a Psychiatric Review Technique form (PRTF), he indicated his disposition was based upon affective disorders–depressive syndrome characterized by psychomotor agitation or retardation or difficulty concentrating or thinking, and a generalized anxiety disorder.   On the PRTF, he indicated that plaintiff had mild difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence, or pace.   In a Mental Residual Functional Capacity Assessment completed by him, Dr. Hennings indicated that plaintiff was not significantly limited in any area of activity, with the exception that he found plaintiff was "Moderately Limited" in the category of "Sustained Concentration and Persistence" in the ability to "carry out detailed instructions," and in the category of "Social Interaction," in the ability to "interact appropriately with the public."   (Tr. 232-34.)   In the functional capacity assessment portion of the form, Dr. Hennings stated plaintiff has the ability to "understand, remember and carry out short, simple, routine tasks with sustained

16 - REPORT AND RECOMMENDATION

concentration, persistence and pace," and to "interact appropriately with co workers and supervisors, but should have only occasional contact with the general public due to intermittent symptoms of a generalized anxiety disorder (Tr. 234). (Tr. 218-35.) The limitations found by Dr. Hennings' were affirmed by another agency consultant, Peter LeBray, Ph.D., in April 2007. (Tr. 275.)

The ALJ noted Dr. Hennings' findings of mild difficulties in social functioning and moderate difficulties in maintaining concentration, persistence, and pace, and his determination that plaintiff could perform simple, routine tasks involving no more than occasional contact with the public. (Tr. 16.) He found Dr. Hennings' opinion consistent with Dr. Dean's and therefor accounted for as he had stated, and gave it "significant weight." (Tr. 17.)

Plaintiff contends that the opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician and the opinion of a state agency nonexamining medical consultant, without more, is not substantial evidence. He claims Dr. Hennings' opinion is not consistent with the other medical evidence of record as found by the ALJ[8] and that his opinion lacks supporting explanation.

While the opinion of a non-examining physician "by itself" and "'with nothing more'" cannot constitute substantial evidence to support an ALJ's decision, the opinion may constitute substantial evidence when it is consistent with other independent evidence in the record. Lester, 81 F.3d at 831; Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); see Andrews v.

---

[8]    Plaintiff misstates the record. The ALJ found that Dr. Hennings' opinion was consistent with that of Dr. Dean. (Tr. 17.)

Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). Here, while Dr. Dean found plaintiff was more limited in his ability to interact with his supervisors, discussed above, Dr. Dean and Dr. Hennings found that plaintiff was moderately limited in his ability to interact with the public and they found plaintiff moderately limited in maintaining concentration, persistence, or pace. Dr. Hennings' opinion does not stand alone and is not contradicted by all other evidence in the record such that his opinion is not substantial evidence. See Andrews, 53 F.3d at 1041.

In arguing Dr. Hennings' opinion is without explanation, he points to one statement in Dr. Hennings' notes concerning plaintiff's living with his girlfriend and two children and caring for his mother. The court agrees with plaintiff that Dr. Dean considered this information in her evaluation. (Tr. 203-04.) However, the court does not agree that this misstatement makes Dr. Hennings' opinion as one without explanation. Plaintiff further contends that Dr. Hennings' opinion lacks explanation because he did not take into account Dr. Cochran's evaluation. However, Dr. Hennings' completed his review of the record in 2006, several years before Dr. Cochran conducted his evaluation of plaintiff and gave his opinion in 2009.

**Lay witness testimony**

"Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2006); Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). ""[T]estimony from lay witnesses who see the claimant every day is of particular value." Smolen v. Chater, 80 F.3d 1288 (9th Cir. 1996) (lay testimony as to plaintiff's pain and

18 - REPORT AND RECOMMENDATION

fatigue where medical records were sparse and did not provide adequate documentation of these symptoms).

Plaintiff contends the ALJ did not include functional limitations identified by his mother, Shirley Louise Stevens. Ms. Stevens completed a third party function report in October 2006. Plaintiff lived next door to her. He watched television and played with his two kids. Ms. Stevens stated that plaintiff was getting more and more afraid, scared, of people. She indicated that plaintiff can't go out alone because of people watching him all the time; and he had problems getting along with family, friends, neighbors, and others because he sat by himself because he didn't know what to say. Ms. Stevens checked boxes indicating that plaintiff's conditions affected, in part, talking, memory, completing tasks, concentration, understanding, following instructions, and getting along with others. She answered "Not good" to questions as to how well plaintiff followed written and spoken instructions and got along with authority figures. (Tr. 117-18.) In response to the question whether plaintiff had been fired or laid off because of problems getting along with other people, she stated "can't seem to work, cause he has fears of being around people," and she described unusual behavior or fears of plaintiff as "Always seems like someone watching him" (Tr. 118). (Tr. 112-19.)


The ALJ considered Ms. Steven's statement, finding that Ms. Stevens "overall painted a picture of a well-functioning individual" who cared for her on a regular basis, and noting her observation of "some social anxiety" which was consistent with the record. He gave Ms. Stevens' statement "some weight" to the extent it was consistent with other records of evidence rather than a repetition of plaintiff's less than credible allegations. (Tr. 16.)

A review of Ms. Stevens' statement and that of plaintiff completed the same month shows very similar responses to questions regarding plaintiff's functional abilities. The ALJ found that plaintiff's reporting was less than fully credible (Tr. 16), a determination that plaintiff does not contest. The ALJ may reject lay testimony similar to a claimant's complaints which have been discounted as less than credible. Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009). The ALJ articulated a reason to discount Ms. Stevens' statement which was germane to her.

**Conclusion**

Overall, the court affirms the ALJ's determinations challenged by plaintiff. However, the ALJ failed to account for the moderate limitations in social interaction found by Dr. Dean in plaintiff's ability to ask simple questions or request assistance and in his ability to accept instructions and respond appropriately to criticism from supervisors. Crediting this opinion would not mandate remand for an award of benefits. There was no vocational testimony considering the effect these limitations would have on plaintiff performing his past relevant work and the ALJ did not reach the step five inquiry whether there might be other jobs which plaintiff could perform. On this record, the court finds that a remand is warranted for further proceedings.

On remand, if the ALJ rejects Dr. Dean's opinion that plaintiff is limited in social interaction relating to supervisors as stated, he must give specific and legitimate reasons for discounting her opinion in this regard; and if the ALJ accepts Dr. Dean's opinion in this regard, he must include the limitation in a hypothetical posed to a vocational expert and in his RFC assessment.

20 - REPORT AND RECOMMENDATION

## RECOMMENDATION

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be reversed and remanded for further proceedings consistent with this opinion.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by February 7, 2012. If objections are filed, any response to the objections are due by February 24, 2012, see Federal Rules of Civil Procedure 72 and 6*.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ⟍⟍ day of January 2012.

MARK D. CLARKE
United States Magistrate Judge

21 - REPORT AND RECOMMENDATION